IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| ANGELIA TWEDELL, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. **6: 25-cv-03214-MDH** |
| ) | |
| SENIOR LIVING MANAGEMENT ) | |
| GROUP, LLC *d/b/a* BIRCH POINTE ) | |
| HEATLH AND REHABILITATION ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Defendant's Motion to Dismiss case or Stay Proceedings and Compel Arbitration and suggestions in support (Doc. 10, 11). Plaintiff has filed suggestions in opposition (Doc. 13) and Defendant has replied. (Doc. 15). Thus, this matter is now ripe for adjudication. For the reasons stated herein, Defendant's Motion to Stay Proceedings is **DENIED**.

## BACKGROUND

This case arises from allegations of harassment based on sex. Plaintiff Twedell alleges that, while an employee of Defendant BirchPointe, she was subjected to harassment based on sex, in that she was called offensive names by a coworker due to her clothing appearance and further targeted for verbal threats and attempted assaults by a different coworker allegedly due to her sex (Compl. ¶¶ 8, 9, 15, 16, 21, 22, e.g.). She further alleges that she reported the harassment to her supervisors and was subject to retaliation in the form of further harassment and termination of her employment (Compl. ¶¶ 11, 17, 19, 23, 26, 27).

Defendant brings this current motion stating as part of Plaintiff's employment with Defendant, she signed a Dispute Resolution Agreement ("DRA") agreeing to, among other things, arbitrate disputes regarding the employment relationship, trade secrets, unfair competition, compensation, breaks and rest periods, termination, or harassment and claims arising under the Civil Rights Act of 1964 with BirchPointe.

1

Defendant argues the FAA applies to the DRA, the DRA is enforceable, and the present dispute is expressly included in the DRA. Defendant asks the Court to either dismiss Plaintiff's Complaint and/or to stay the proceedings and compel Plaintiff to submit his claims to arbitration.

Plaintiff argues the arbitration agreement is unenforceable pursuant to the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021 (Pub. L. 117-90, 9 USC § 401- 402) ("EFAA"). Pursuant to the EFAA, "no predispute arbitration agreement shall be valid or enforceable with respect to a case which… relates to the sexual assault dispute or the sexual harassment dispute." 9 USC § 402(a). The EFAA further vests the power to determine its applicability to an arbitration agreement with the Court, rather than an arbitrator. 9 USC § 402(b). Plaintiff argues that the nature of her allegations falls under the Act and thus any proffered agreement to compel arbitration that was made prior to this action is void and unenforceable.

## STANDARD

A motion to compel arbitration is evaluated under the Federal Rules of Civil Procedure either as a Rule 12(b)(6) motion to dismiss or as a Rule 56 motion for summary judgment, depending on whether the Court considers matters outside of the pleadings. *City of Benkelman v. Baseline Eng'g Corp.*, 867 F.3d 875, 881-82 (8th Cir. 2017). Documents "necessarily embraced by the complaint" are considered part of the pleadings. *Enervations, Inc. v. Minn. Mining & Mfg. Co.*, 380 F.3d 1066, 1069 (8th Cir. 2004).

Under the FAA, the Court, in deciding to compel arbitration, is limited to determining 1) if there is a valid contract or agreement to arbitrate and 2) whether said agreement includes the dispute at issue. *Vest v. Cracker Barrel Old Country Store, Inc.*, 371 F. Supp. 3d 593, 597 (W.D. Mo. 2018). "State law is applied to determine if a binding agreement exists." *Id*. "A valid contract under Missouri law requires offer, acceptance, and bargained for consideration." *Id*.

## ANALYSIS

Defendant argues as part of her employment Plaintiff signed a Dispute Resolution Agreement ("DRA") agreeing to arbitrate such claims like the current action. Plaintiff argues this case should remain in federal court because the arbitration agreement is unenforceable pursuant to the EFAA because the allegations against Defendant fall under the Act. Defendant argues the Act is wholly inapplicable to Plaintiff's claims.

The parties do not dispute the validity of the DRA or the scope of the agreement. Rather, Plaintiff argues the EFAA applies and makes the agreement unenforceable.

The EFAA applies to actions involving a "sexual harassment dispute" or "sexual assault dispute." 9 U.S.C. § 402. Sexual assault dispute "means a dispute involving a nonconsensual sexual act or sexual contact, including penis penetration as to the vulva or anus, contact between the mouth and penis, vulva, or anus, penetration of the anal or genital opening of another by hand, finger, or other object with an intent to abuse, harass, arouse, etc., and/or the intentional touching of genitalia, anus, groin, breast, inner thigh, or buttocks of another with intent to abuse, harass, arouse, etc." 9 U.S.C. § 401(3); 18 U.S.C. § 2246(2)-(3). Sexual harassment dispute is defined to include "a dispute relating to conduct that is alleged to constitute sexual harassment under applicable . . . Federal . . . law." 9 U.S.C. § 401(4).

Plaintiff alleges she was subjected to harassment based on sex while employed by Defendant. (Compl. ¶8). She alleges a co-worker of Plaintiff called Plaintiff a "disgusting whore" for wearing leggings to work. (Compl. ¶9). Following that incident, Plaintiff alleges she was subjected to harassment by a male dietary aid. (Compl. ¶15). He would scream in Plaintiff's face and state that he wanted to fight Plaintiff. (Compl. ¶16). When Plaintiff complained, he continued to harass Plaintiff by hitting Plaintiff with the stockroom door, disrupting the desert cart after Plaintiff prepared it, yelling at Plaintiff, and refusing to do his job. (Compl. ¶21-22).

The Court agrees with Defendant that Plaintiff does not allege sexual assault as defined by federal law. However, whether Plaintiff's claims qualify as sexual harassment requires a more thorough analysis.

To make a claim for sexual harassment against an employer for sexual harassment by coworkers, Plaintiff must show: "(1) she belongs to a protected group; (2) she was subject to unwelcome sexual harassment; (3) the harassment was based on sex; (4) the harassment affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment and failed to take proper remedial action." *See Gibson v. Concrete Equip. Co., Inc.*, 960 F.3d 1057, 1063 (8th Cir. 2020) (quoting *Blomker v. Jewell*, 831 F.3d 1051, 1056 (8th Cir. 2016)). For the fourth element the environment must be both objectively and subjectively hostile. *Id*.

At this stage, the Court considers this motion as a motion to dismiss because the Court is relying only on the pleadings and documents embraced by the pleadings. *See City of Benkelman v. Baseline Eng'g Corp.*, 867 F.3d 875, 881-82 (8th Cir. 2017); *see also Enervations, Inc. v. Minn. Mining & Mfg. Co.*, 380 F.3d 1066, 1069 (8th Cir. 2004). At the motion to dismiss stage, a complaint must contain factual allegations that, when accepted as true, are sufficient to state a claim of relief that is plausible on its face. *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (internal citations omitted). The complaint's factual allegations must be sufficient to "raise a right to relief above the speculative level," and the motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 545 (2007). Further, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

While Plaintiff's complaint does contain conclusory statements, there are facts within the complaint that, when accepted as true, would allow the Court to draw a reasonable inference in favor of the Plaintiff asserting a right to relief above the speculative level for a sexual harassment claim. She alleges that, while an employee of Defendant, she was subjected to harassment allegedly based on sex, in that she was called

offensive names by a coworker due to her clothing appearance and further targeted for verbal threats and attempted assaults by a different coworker allegedly due to her sex (Compl. ¶¶ 8, 9, 15, 16, 21, 22, e.g.). She further alleges that she reported the harassment to her supervisors and was subject to retaliation in the form of further harassment and termination of her employment (Compl. ¶¶ 11, 17, 19, 23, 26, 27).

For the reasons stated herein, Defendant's Motion to Dismiss case or Stay Proceedings and Compel Arbitration is **DENIED**. This case falls within the EFAA at this stage in the case.

**IT IS SO ORDERED**.

DATED: October 23, 2025  /s/ Douglas Harpool
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**